UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-812** |
| **CRICKET WIRELESS, LLC, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff Kimberly Broussard's Motion to Remand (Doc. 8). For the following reasons, the Motion to Remand is **DENIED**.

## BACKGROUND

Plaintiff Kimberly Broussard filed this action on March 17, 2025, in the 17th Judicial District Court for the Parish of Lafourche against Cricket Wireless, LLC ("Cricket"), Crown Wireless, Corp. ("Crown"), and an unidentified defendant, John Doe ("Doe"), for injuries she alleges she sustained when she tripped and fell over a piece of brick or concrete in a pathway while visiting a Cricket Wireless store. Plaintiff brings claims against Defendant Doe as the unnamed manager or supervisor of said store. Defendants Cricket and Crown removed the action to this Court on April 25, 2025, on the basis of diversity jurisdiction. Plaintiff now moves to remand, arguing the absence of complete diversity between the parties due to the alleged reasonable inference of Defendant Doe's citizenship.

1

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the moving party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony, or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Defendants invoke this Court's subject matter jurisdiction on the basis of diversity. Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[6] Here, the amount in controversy is not disputed, but the parties disagree whether the complete diversity requirement is met.

Plaintiff argues that complete diversity does not exist because Plaintiff is a Louisiana citizen and presumably, Defendant Doe is also a Louisiana

---

[1] 28 U.S.C. § 1441(a).
[2] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Id.*
[6] 28 U.S.C. § 1332(a).

2

citizen.[7] Plaintiff bases this assertion on the fact that the unnamed Defendant is employed as a manager or supervisor at a store in Louisiana. In their memoranda, both parties brief this Court on whether Defendant Doe is properly joined, because if so, his joinder may destroy diversity. The Court need not reach this question to decide the instant Motion.

Regardless of whether Defendant Doe was properly joined, Title 28 of United States Code Section 1441(b)(1) plainly states that "in determining whether a civil action is removable on the basis of the jurisdiction of 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[8] "'John Doe' is . . . the kind of fictitious name this provision covers," and must "be disregarded for diversity purposes."[9] Defendant Doe's "citizenship is thus irrelevant."[10] Defendants do not "need to 'wait to identify' the John Doe [ ] or show that John Doe [ ] was fraudulently joined before removing the case."[11]

As such, the Court need only consider the citizenship of Plaintiff and Defendants Cricket and Crown to determine whether removal was proper under this Court's diversity jurisdiction. It is undisputed that diversity of citizenship exists between Plaintiff and Defendants Cricket and Crown, as

---

[7] Plaintiff does not contest the citizenship of Cricket and Crown as alleged in Defendants' Notice of Removal. "Cricket is a citizen of Georgia, Delaware, Texas, New York, and Illinois." Doc. 1 at 4. "Crown is a citizen of both Alaska and Texas." *Id.*

[8] Plaintiff argues that despite the unambiguous language of § 1441(b)(1), "courts are not prohibited from considering factual allegations that support an inference regarding the citizenship of unnamed/fictitious defendants." Doc. 8-1 at 8. Plaintiff's argument relies on *Sligh v. Doe*, which does not involve removal and was rendered prior to the 1988 amendment of § 1441(b). *See generally* 596 F.2d 1169 (4th Cir. 1979). The 1988 amendment added § 1441(b)'s current language and was intended to create certainty as to removability and prevent the "special difficulties" associated with fictitious defendants in diversity-based removal. H.R. REP. NO. 100-889, at 71 (1988). Because removal statutes must be strictly construed, the Court rejects Plaintiff's argument in favor of the plain statutory language.

[9] Weaver v. Metro. Life Ins. Co., 939 F.3d 618, 623 (5th Cir. 2019).

[10] Vargas-Sevilla v. K2 Industrial Services, Inc., No. 22-5480, 2023 WL 2674710, at *2 (E.D. La. March 29, 2023) (denying remand after disregarding the citizenship of "John Doe 1").

[11] *Id.*

Plaintiff is a Louisiana citizen and Defendants Cricket and Crown are citizens of Georgia, Delaware, Texas, New York, Illinois, and Alaska.[12] Further, there is no dispute that the amount in controversy exceeds $75,000. Thus, the Court has subject matter jurisdiction under § 1332(a). Accordingly, Defendants' removal was proper.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 8) is **DENIED**.

New Orleans, Louisiana this 14th day of November, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See* Doc. 1 at 2–4.